NO. 07-09-0389-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 12, 2010



______________________________




TONY GARZA, APPELLANT



V.



UNITED SUPERMARKETS, L.L.C., APPELLEE



_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2008-544,606; HONORABLE RUBEN REYES, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Tony Garza, perfected this appeal from the trial court's order granting
United Supermarkets, L.L.C.'s, no-evidence motion for summary judgment. By letter dated
December 15, 2009, Garza was notified, among other things, that the $175 filing fee had
not been paid and was given until December 27, 2009 to correct the deficiency. Garza was
also notified that failure to pay the filing fee could result in dismissal of the appeal. See
Tex. R. App. P. 5 and 42.3(c). To date the fee has not been paid nor has Garza
responded to the Court's notice.

 Unless a party is excused from paying a filing fee, the Clerk of this Court is required
to collect filing fees set by statute or the Supreme Court when an item is presented for
filing. See Tex. R. App. P. 5 and 12.1(b). Although the filing of a notice of appeal invokes
this Court's jurisdiction, if a party fails to follow the prescribed rules of appellate procedure,
the appeal may be dismissed. Tex. R. App. P. 25.1(b). Consequently, because the filing
fee has not been paid, we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee. 
Tex. R. App. P. 42.3(c).

 Patrick A. Pirtle

 Justice



. 

 Appellants' brief was filed on February 2, 1989. Appellee has filed no brief. On
January 3, 1989, appellants filed a "Suggestion of Bankruptcy" notifying this court that
appellant Larry Womble had filed for bankruptcy. On April 28, 1992, this court issued its
order abating the appeal until the receipt of notice that the bankruptcy stay had been
removed.

 Nothing further occurred in this court and, on June 13, 2002, under instruction from
the court, our clerk notified all attorneys of record requesting information as to the status
of the bankruptcy and directing that a reply be made not later than ten days from the date
of the written notice. In response to that notice, we received a notification that Larry
Womble had been discharged in bankruptcy on February 6, 1994. 

 However, other than that information about the discharge in bankruptcy, none of the
attorneys of record, with the exception of the attorney for the FDIC, were able to give us
any information about the status of the case. The notification to the attorney of record for
the FDIC was returned with the notation that she had moved and left no forwarding
address. We have received a June 17, 2002 letter from appellants' attorney of record to
another attorney, in which appellants' attorney states that "I simply do not recall facts
sufficient to respond to the Court's request."

 Thus, no satisfactory response justifying the retention of this case on our docket,
we must, and do hereby, dismiss this appeal for want of prosecution.


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. This type of proceeding is now denominated as a Restricted Appeal. See Tex. R.
App. P. 30.